**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                      :
ALVIN CONERLY,                        :
                                      : Civil Action No. 10-5487(NLH)
            Petitioner,               :
                                      :
v.                                    : OPINION
                                      :
UNITED STATES PAROLE                  :
COMMISSION,                           :
                                      :
            Respondent.               :
_____:

APPEARANCES:

**ALVIN CONERLY,** Petitioner pro se
04629-050
FCI FORT DIX
P.O. BOX 2000
FORT DIX, NJ 08640

**KAREN HELENE SHELTON,** Attorney for Respondent
OFFICE OF THE US ATTORNEY
402 EAST STATE STREET
TRENTON, NJ 08608

**HILLMAN,** District Judge

     Petitioner Alvin Conerly ("Petitioner") filed a Petition for
a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241.  (Docket
Entry No. 1.)  Respondent United States Parole Commission
("Respondent" or "Commission") filed an answer to the petition.
(Docket Entry No. 9.)  Thereafter, Petitioner filed a reply.
(Docket Entry No. 11.)  For the following reasons, the petition
will be denied.

**I.   BACKGROUND**

     In September 1981, the Superior Court of Essex County, New

Jersey sentenced Petitioner to a term of nine to eighteen years for conspiracy, first-degree bank robbery, and murder ("Essex sentence"). One month later, pursuant to a writ of habeas corpus ad prosequendum, Petitioner was taken into temporary federal custody for charges then pending before the United States District Court for the District of New Jersey. On December 8, 1981, the district court sentenced Petitioner to a twenty-five year term of imprisonment for bank robbery, assault, conspiracy and racketeering activities. The district court specified that the sentence was to be served consecutively to any state term of imprisonment. Three days later, Petitioner was returned to the custody of the State of New Jersey.

On June 4, 1982, while serving the Essex sentence, the Superior Court of Union County, New Jersey sentenced Petitioner to a term of ten years imprisonment for conspiracy and robbery ("Union sentence"). This was imposed consecutively to the Essex sentence. On April 20, 2001, upon completion of the Essex and Union sentences, U.S. Marshals took custody of Petitioner and transported him to a federal prison to serve out his federal sentence. (Conerly v. Yates, Civil No. 03-1057 (M.D. Pa. 2003)(internal citations omitted).)

On September 10, 2002, the Commission conducted an initial parole determination hearing for Petitioner. During the hearing, the Commission discussed Petitioner's severity rating, salient

factor score, and guidelines.  The hearing report states the following:

> The prisoner contests the description of the facts in this case, noting that he himself was not involved in any of the robberies, noting that his only function was the planning of the robberies, which included obtaining vehicles that would be utilized in the robberies. He indicated that he was aware that the individuals would be using weapons, but was not aware initially that the individuals that were committing the robberies would resort to violence. He reported that he had nothing to do with the police officer's death, but did admit that he along with the individual that killed the police officer were the only individuals that received consecutive federal sentences to their New Jersey state sentences. He reported that co-defendant Lawson received a 25-to-life term in the State of New Jersey and has a 25-year consecutive term to complete once he is released from state custody. The subject reported that he and Lawson were the only individuals that were still in custody, noting that the other individuals were sentenced in state and federal courts but that the other individuals received concurrent federal sentences. The subject did not dispute the guideline range.
>
> The subject has maintained clear conduct throughout his time in federal custody which began in April 2001.  The subject reported that while in the state custody of New Jersey he maintained clear conduct since his arrest in January 1981.  Subject did report that he was given one institutional infraction for wearing the wrong shoes at work but he did not receive any disciplinary sanctions. Since the subject has been in federal custody, he has been involved in a number of self-improvement courses such as accounting, business management, programming, and real estate classes...[The Panel recommends that] continue for a 15 year reconsideration hearing in September 2017, or continue to expiration, whichever comes first.

(Resp.'s Answer, Ex. 1.)

After the hearing, a Notice of Action dated October 2, 2002, was issued which adopted the Panel's recommendation,

stating the following reasons:

> Your offense behavior has been rated as Category Eight
> severity because it involved you committing racketeering
> activities that included murder and bank robberies. Your
> salient factor score (SFS-98) is 8. You have been in
> federal confinement as a result of your behavior for a
> total of 17 months as of September 19, 2002. Guidelines
> established by the Commission indicate a range of 100+
> months to be served before release for cases with good
> institutional adjustment and program achievement. After
> review of all relevant factors and information presented,
> a decision exceeding the lower limit of the applicable
> guideline category by more than 48 months is warranted
> based on the following pertinent aggravating factors: you
> were a leader in the organization and helped plan the
> bank robberies which included providing transportation
> and weapons to the co-defendants which resulted in the
> murder of a police officer by co-defendant Lawson.

(Id.)

On November 14, 2002, the Appeals Board affirmed this

decision.  The Appeals Board stated:

> The Commission recognizes that you have served
> approximately 21 years in New Jersey State custody for
> offenses largely overlapping the overt acts behind your
> federal racketeering conviction, and that giving you
> credit for this time (241 months) would place you above
> the guideline minimum for Category Eight (100 months).
> However, the fact that your federal racketeering sentence
> reflects an important, aggravating aspect of your crime
> which is not accounted for by your New Jersey
> convictions, persuades the National Appeals Board that
> you should be held to a fully consecutive accounting on
> your federal sentence. The nature of the organization in
> which you functioned as a leader involved a uniquely
> dangerous mix of religious, political and paramilitary
> aspects, which resulted in a wave of bank robberies
> carried out in the manner of a disciplined terrorist
> enterprise.  Individuals capable of organizing such an
> extraordinary threat to society must be held to account
> as more than ordinary criminals.  In your capacity as a
> "minister" in this conspiracy, you controlled other
> members ("soldiers") and planned an armed bank robbery in

which a police officer was cruelly executed. Although your appeal urges the Board to absolve you of responsibility for this murder, you must be held fully accountable for it because any armed bank robbery creates a high risk that a police officer, bank guard, teller or customer will be killed in the process. As the planner of a bank robbery in which such a predictable event took place, you bear a primary responsibility.

Finally, the National Appeals Board recognizes that you were 23 at the time, but this is not such a youthful age as to warrant compassion for the incarceration you have endured. At age 23, you were fully capable of comprehending that you were helping to carry out the activities of an organization which was essentially at war with society. Further, at age 45, you must still be regarded as presenting a very long-term risk of renewed violent criminal activity.

(Id. at Ex. 4.)

On June 25, 2003, Petitioner filed his first petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in which he argued that a two-month credit should be applied to the federal sentence for time spent in temporary federal custody awaiting sentencing by the district court. Petitioner also argued that because the charges in the state and federal cases arose from the same facts, credit should be applied to the federal sentence for time spent serving the state sentence. (Conerly v. Yates, Civil No. 03-1057 (M.D. Pa. 2003)).

On December 2, 2004, the District Court for the Middle District of Pennsylvania entered an opinion and order denying the petition. The Court found that

[b]ecause Conerly was taken into temporary federal custody via a writ of habeas corpus ad prosequendum, New Jersey did not relinquish primary jurisdiction over

> Conerly, and he cannot receive credit toward his federal sentence...Nor can Conerly receive credit for time spent serving the Essex and Union sentences. Although Conerly contends that 18 U.S.C. § 35682 mandates federal credit for time served in state sentences when the state and federal punishments are based on the same facts, his interpretation of that statute is incorrect...This section was intended to credit time to those held in custody prior to sentencing—not to provide federal credit for time spent in custody pursuant to a state sentence. <u>See</u> <u>Gilbert v. United States</u>, 299 F. Supp. 689 (S.D.N.Y. 1969). Conerly was not held in federal custody prior to the commencement of his federal sentence, and thus cannot receive credit for the time served in the Essex and Union sentences.

(<u>Id.</u> at Docket Entry No. 24.)  This decision was affirmed by the Third Circuit on October 11, 2005.  (<u>Id.</u> at Docket Entry No. 33.)

On October 15, 2003, Petitioner filed his second petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (<u>Conerly v. Yates</u>, Civil No. 03-1831 (M.D. Pa. 2003)).  He argued that the Parole Commission improperly classified his offense severity rating as category eight; impermissibly "double-counted" his murder offense; denied him credit on his federal sentence for 241 months served in state custody; and failed to consider his youthful age as a mitigating factor.  (<u>Id.</u> at Docket Entry No. 11.)  In denying the petition, the Middle District found that the Commission had reasonably equated the offense severity ratings of Petitioner and his six most culpable co-defendants and Petitioner failed to show that this comparative action was flagrant, unwarranted, or unauthorized.  (<u>Id.</u>)  The Court further found that Petitioner's severity rating must account for bank robbery

6

and murder — the most serious criminal conduct committed in furtherance of the conspiracy and as such, there was a rational basis in the record to support the Commission's decision to give Petitioner a category eight severity rating. (Id.)

The Court further found that "category eight has no upper-limit and, therefore, any decision rendered by the Commission above the guideline minimum will fall within the applicable guideline range...[b]ecause the applicable guideline range has no upper-limit, Conerly's claim of impermissible double-counting is meritless." (Id.)  Finally, the Court found that the Commission had properly considered Petitioner's age as a mitigating factor. (Id.)  This decision was affirmed by the Third Circuit on October 11, 2005. (Id. at Docket Entry No. 24.)

On September 5, 2008, the Parole Commission conducted a statutory interim hearing. (Resp.'s Answer, Ex. 6.)  The Commission ordered no change in the prior decision. (Id. at Ex. 6&7.)  Petitioner appealed that decision to the National Appeals Board, which affirmed the Commission on February 19, 2009. (Id., Ex. 8.)  At his next statutory interim hearing on September 8, 2010, the Commission again ordered no change. (Id., Ex. 10, notice of action.)  The decision was administratively appealable, but Petitioner did not appeal.

On October 22, 2010, Petitioner filed the instant petition. (Docket Entry No. 1.)  In the instant petition, Petitioner raises

7

the following grounds: (1) The National Parole Commission failed to acknowledge that the New Jersey sentencing that occurred twenty-one years prior already reflected the specific aggravating factors and the Commission has relied upon a theory that the crimes were never accounted for by the New Jersey State convictions; (2) Numerous procedural errors were made by the Commission, including their reliance on documentation not disclosed to Petitioner; (3) The Commission utilized arbitrary "severity ratings and offense behavior categories", which did not take into account similarly situated co-defendants; (4) Had Petitioner been properly granted parole after service of his first state convictions, and had federal authorities executed the detainer that was pending, the Petitioner would have been paroled from the state sentence and into federal custody; (5) The cumulative punishment for violation of over-lapping statutes was misapplied and the Parole Commission punished the Petitioner twice for the same New Jersey, as well as federal, crimes.

## II. DISCUSSION

### A. Exhaustion

Respondent argues that the petition should be dismissed for failure to exhaust administrative remedies because Petitioner failed to appeal the September 2010 decision of the Parole Commission to the National Appeals Board, but instead filed the instant petition.

A federal prisoner ordinarily may not challenge a parole decision until he has exhausted all available remedies. Arias v. United States Parole Commission, 648 F.2d 196, 199 (3d Cir. 1981). The courts have adhered to the exhaustion requirement for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy. Requiring habeas petitioners to satisfy the procedural requirements of the administrative remedy process promotes each of these goals. Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir. 1996).

Nevertheless, the exhaustion requirement is not ironclad. The exhaustion requirement is not supposed to preclude judicial relief, but merely to postpone the timing of the judicial determination. Thus, prisoners need not exhaust administrative remedies if such attempts would be futile and nothing would be gained by further delay of judicial determination of the questions presented. See Rose v. Lundy, 455 U.S. 509, 516 n. 7, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (exhaustion of state remedies not required where futile).

In the instant case, Petitioner appealed the initial parole determination decision in 2002 to the National Appeals Board. He

also appealed the interim hearing decision made by the Parole Commission in 2008.  However, Petitioner failed to appeal the interim hearing decision made by the Commission in 2010, which is the decision that forms the basis for this petition.

The Third Circuit has held that a petitioner is required to appeal an interim hearing decision to the National Appeals Board and failure to do so is a failure to exhaust his administrative remedies.  Hegney v. Hogsten, 318 Fed.Appx. 60 (3d Cir. 2008)(citing Moscato, 98 F.3d at 761).  At this juncture, Petitioner may not return to the National Appeals Board and raise this claim, see 28 C.F.R. § 2.26(a)(2),(d), and therefore he has procedurally defaulted the claim and review by this Court is not permitted unless Petitioner can show cause and actual prejudice to excuse the default.  Hegney v. Hogsten, 2008 WL 282371, at * 4 (M.D.Pa. January 31, 2008)(citing Moscato, 98 F.3d at 761-62).  Petitioner has not shown cause, i.e., some objective factor external to him that impeded his efforts to raise his claim with the Board.  Hegney v. Hogsten, 2008 WL 282371 (citing Werts v. Vaughn, 228 F.3d 178, 193 (3d Cir. 2000)).  Because he has not shown cause, the court need not address the question of actual prejudice.  Moscato, 95 F.3d at 762.

Therefore, the Court finds that the petition should be dismissed for failure to exhaust administrative remedies.

## B. Merits of the Petition

In the alternative, the Court also finds that the petition would be denied on the merits.

### 1. Legal Standard

Petitioner seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241(c)(3).  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969).

### 2. Analysis

A federal court's role in reviewing decisions by the Parole Commission is limited.

> The appropriate standard of review of the Commission's findings of fact "is not whether the [Commission's decision] is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the [Commission's] conclusions embodied in its statement of reasons." Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir. 1976); see also 28 C.F.R. § 2.18 ("The granting of

11

> parole to an eligible prisoner rests in the discretion of the United States Parole Commission."). This Court should review, however, whether the Commission "has followed criteria appropriate, rational and consistent" with its enabling statutes so that its "decision is not arbitrary and capricious, nor based on impermissible considerations." <u>Zannino</u>, 531 F.2d at 690. To this end, "the Commission may not base its judgment as to parole on an inaccurate factual predicate." <u>Campbell v. United States Parole Comm'n</u>, 704 F.2d 106, 109 (3d Cir.1983) (citations omitted).

<u>Furnari v. Warden, Allenwood Federal Correctional Institution</u>, 218 F.3d 250, 254 (3d Cir. 2000).

In making its decisions, the Parole Commission may consider hearsay, counts of an indictment that have been dismissed, and information in a separate dismissed indictment. <u>See</u> <u>Campbell</u>, 704 at 109-10(collecting cases). "[T]he appropriate judicial remedy when an agency exceeds its discretion is a remand to the agency for further proceedings consistent with the court's opinion." <u>Bridge v. United States Parole Commission</u>, 981 F.2d 97, 105 (3d Cir. 1992) (citing <u>Federal Power Comm. v. Idaho Power Co.</u>, 344 U.S. 17, 20, 73 S.Ct. 85, 97 L.Ed. 15 (1952)).

**a. Grounds One & Five: Consideration of State Sentence**

With regard to Petitioner's first and fifth grounds, he argues that the Commission failed to acknowledge the New Jersey sentencing that occurred twenty-one years prior already reflected the same "aggravating factors." He argues that the "cumulative punishment" imposed by state court, federal court and now the Parole Commission is in error.

However, Petitioner's contention is not correct, as the National Appeals Board specifically acknowledged the twenty-one years Petitioner had already spent in state custody. Specifically, the Appeals Board stated that

> [t]he Commission recognizes that you have served approximately 21 years in New Jersey State custody for offenses largely overlapping the overt acts behind your federal racketeering conviction...However, the fact that your federal racketeering sentence reflects an important, aggravating aspect of your crime which is not accounted for by your New Jersey convictions, persuades the National Appeals Board that you should be held to a fully consecutive accounting on your federal sentence.

It is clear that the Appeals Board took into account the fact of Petitioner's state sentence but found that the racketeering aspect of his federal sentence warrants being "held to a full consecutive accounting on [his] federal sentence."

Since it appears that there was a rational basis for the Commission's decision, grounds one and five of the petition will be denied.

**b.  Ground Two: Alleged Procedural Errors**

Petitioner alleges that the Parole Commission committed several procedural errors.  He alleges that he did not receive the opportunity to rebut the label of "terrorist enterprise" and he was not made aware of this label prior to the hearing.  He further alleges that the Commission failed to take into consideration his educational and other certificates and letters regarding employment prospects.  Finally, the hearing date was

changed from November 2008 to September 2008.

The term "terrorist enterprise" is used by the National Appeals Board in their decision reviewing the initial parole determination made by the Parole Commission in 2002.  It does not appear that in reviewing the decision made by the Parole Commission, the National Appeals Board used any information that was not made available to Petitioner; rather "terrorist enterprise" is simply a description they used after reviewing the facts.  The aggravating factors applied by the Parole Commission were laid out in its initial recommendation in 2002.  Further, since the decision issued by the Appeals Board in 2002, Petitioner has had two interim parole eligibility hearings and it does not appear that he has attempted to rebut this characterization in those hearings.   Therefore, the Court finds this argument to be without merit.  Jones v. Williamson, 2007 WL 328610, at *3 (M.D.Pa. January 31, 2007)(Petitioner was able to present his side of the facts at the initial hearing and more importantly, in the 2005 rehearing, Petitioner had the opportunity to respond again to those same aggravating factors)

With regard to his educational credits and job prospects, it is clear that the Commission did take those into account.  In the initial 2002 hearing summary, the Parole Commission discusses all of his certificates.  At the 2008 interim hearing, the Commission also referenced all of the certificates and credits Petitioner

14

had earned since his last hearing.  Finally, at the 2010 interim hearing, his accomplishments and jobs prospects were again discussed.  It is clear that Petitioner's contention that his educational credits and job prospects were not taken into consideration is without merit.

Finally, with regard to the change in his hearing date, Petitioner does not state when he was informed that the hearing date was changed from November 2008 to September 2008.  Further, he does not allege any prejudice from this change in hearing date nor does it appear that he put forth any type of request that his hearing be delayed.  As such, this claim is also without merit and ground two of the petition is hereby denied.

**c. Ground Three:**

Petitioner argues that the Parole Commission utilized arbitrary "severity ratings and offense behavior categories" which resulted in his co-defendants receiving lower ratings.  He further argues that application of the 2000 Parole Commission Guidelines, rather than the 1987 regulations is a violation of ex post facto law.  He finally argues that his program achievement is not being appropriately considered.

With regard to Petitioner's severity rating as compared to his co-defendants, the Court finds that this claim has already been raised before the Middle District of Pennsylvania and rejected.

15

As the Third Circuit has stated, the Commission must obtain and consider the parole status of a prisoner's co-defendants, but the Commission is not required to assign a uniform offense severity rating to all co-defendants. <u>United States ex rel Farese v. Luther</u>, 953 F.2d 49, 54 (3d Cir. 1992) (citing Parole Rules Manual §§ 2.13-07, 2.20-09). Indeed, the Parole Rules Manual states that "different decisions for codefendants are not necessarily inappropriate." <u>Id.</u> Although the Commission must follow its regulations, <u>see</u>, <u>e.g.</u> <u>Wilson v. U.S. Parole Comm'n</u>, 193 F.3d 195, 200 (3d Cir. 1999), these regulations provide the Commission with broad discretion. As previously noted, a decision of the Commission can only be set aside if it is "flagrant, unwarranted, or unauthorized." <u>Young v. U.S. Parole Comm'n</u>, 682 F.2d 1105, 1108 (5th Cir. 1982) (quoting <u>Page v. U.S. Parole Comm'n</u>, 651 F.2d 1083, 1085 (5th Cir. 1981)). In support of his claim of improper classification of his offense, Conerly submits that four of his fifteen co-defendants received a lesser category offense rating. However, six of Conerly's co-defendants also received offense severity ratings of eight. (<u>See</u> Doc. 8, Ex. 6). There are many variables in parole decisionmaking which may require the Commission to differentiate among co-defendants – e.g., differences in the prisoner's institutional records, criminal histories, degree of cooperation with authorities or differences in the amount of specificity of information presented in the various cases. Based upon record evidence, the Commission reasonably equated the offense severity ratings of Conerly and his six most culpable co-defendants. The court finds that Conerly has failed to show that this comparative action was flagrant, unwarranted, or unauthorized.

<u>Conerly v. Yates</u>, Civil No. 03-1831 (M.D.Pa. 2003). The Third Circuit affirmed that finding (<u>Id.</u> at Docket Entry Nos. 24 & 25.)

With regard to his ex post facto argument, Petitioner compares the 1987 guidelines with the 2000 guidelines. Based on the information before this Court, it is not clear exactly when Petitioner committed his offense. However, it is clear that it occurred prior to December 8, 1981, which is the date the

16

District Court sentenced Petitioner to a twenty-five year term of imprisonment for bank robbery, assault, conspiracy and racketeering activities.  While parole regulations may be laws for purposes of ex post facto analysis, see Royster v. Fauver, 775 F.2d 527, 535-36 (3d Cir. 1985) (citing Forman v. McCall, 709 F.2d 852 (3d Cir. 1983)), "[t]o be eligible for habeas corpus based on a violation of the Ex Post Facto Clause, a petitioner must show both a retroactive change in law or policy and that this change [in parole law] caused individual disadvantage by creating a significant risk of increasing his punishment." Richardson v. Pa. Bd. of Prob. & Parole, 423 F.3d 282, 284 (3d Cir.2005) (emphasis removed, internal quotations and citations omitted); see also Mickens-Thomas v. Vaughn, 321 F.3d 374, 384 (3d Cir. 2003).

Petitioner does not provide any arguments or information as to how the 2000 guidelines compare to those in place in 1981, when he committed his crime.  Further, he makes only generalized arguments as to how the 2000 guidelines differ from those in place in 1987 and does not provide any information as to how these differences would have specifically affected him.  Finally, he makes several references to differences in the guidelines which seem to imply that he is utilizing the guidelines in place for District of Columbia offenders.  See 28 C.F.R. § 2.80; Reynolds v. Williamson, 2005 WL 3050154, at *3 (M.D.Pa. November

14, 2005)("[t]he guidelines for D.C. offenders are regulated by 28 C.F.R. § 2.80.") However, Petitioner is not a D.C. offender. For all these reasons, this argument must fail.

With regard to Petitioner's program achievements, as discussed above, it is clear that the Parole Commission considered his many certificates and achievements and there was a rational basis for the Commission's decision.

Therefore, Ground Three of the petition will be denied.

**d.  Ground Four: Improper Prosecution**

Petitioner argues that his federal prosecution was initiated and a conviction obtained in violation of the "Petite Policy." Specifically, he argues that "if a federal prosecutor applies for authority to conduct dual or successive prosecution, such authority will not be granted 'unless an enhanced sentence in the federal prosecution is anticipated' such as 'where the state prosecution resulted in a conviction for a misdemeanor and a conviction for a federal felony is anticipated.'" He argues that no such authorization was obtained.

It appears that Petitioner is challenging the validity of the federal judgment itself, rather the execution of the sentence.  He is arguing that because the federal prosecution was brought in violation of the Petite Policy, it is therefore invalid.  However, as noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a

§ 2255 motion filed in the district of conviction, has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D.Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241, in the district of confinement). Although Petitioner characterizes his claim as a challenge to the execution of his sentence under § 2241, it is apparent that the challenge is to the judgment itself and must be brought under § 2255 unless remedy by that motion is "inadequate or ineffective to test the legality of his detention," or unless the appropriate Court of Appeals certifies his filing of a second or successive petition under the limited grounds permitted by § 2255.

Further, the Third Circuit has held that the Petite Policy, which is an internal Department of Justice Policy regarding state and federal prosecutions, does not create any substantive rights for defendants.

> Department of Justice guidelines and policies do not create enforceable rights for criminal defendants. See United States v. Gomez, 237 F.3d 238, 241 n. 1 (3d Cir. 2000) (noting that any argument by the defendant that the U.S. Attorneys' Manual created rights entitling him to relief "would be against the weight of judicial authority"); see also, e.g., United States v. Fernandez, 231 F.3d 1240, 1246 (9th Cir. 2000) ("[I]t is clear that the USAM [U.S. Attorneys' Manual] does not create any substantive or procedural rights.... The USAM explicitly

states that '[t]he Manual provides only internal
Department of Justice guidance. It is not intended to,
does not, and may not be relied upon to[,] create any
rights, substantive or procedural, enforceable at law by
any party in any manner civil or criminal.'" (quoting
U.S. Attorneys' Manual § 1-1.100)); <u>United States v.
Blackley</u>, 167 F.3d 543, 548-49 (D.C.Cir. 1999) (same);
<u>United States v. Myers</u>, 123 F.3d 350, 356 (6th Cir. 1997)
(same); <u>United States v. Piervinanzi</u>, 23 F.3d 670, 682
(2d Cir. 1994) (same); <u>United States v. Craveiro</u>, 907
F.2d 260, 264 (1st Cir. 1990) (same). Thus, although we
do not endorse the Department's failure to follow its own
policies, particularly in cases such as this one that
raise double jeopardy concerns, we are constrained to
conclude that any such failure that may have occurred
here nevertheless does not mandate (or even allow) relief
for [the defendant].

<u>U.S. v. Wilson</u>, 413 F.3d 382, 389 (3d Cir. 2005).

Finally, the Court notes that with regard to Petitioner's
statement that "had [he] been correctly paroled from his state
sentence after completion of the fourteen (14) years required by
New Jersey statute, the next correctly available sentence would
be the December 8, 1981 Federal sentence of twenty-five (25)
years imposed after the original Essex County New Jersey
sentenced [sic] imposed on September 25, 1981," it is unclear
what rights Petitioner is alleging that the U.S. Parole
Commission violated.  Further, it is also not clear as to what
role the U.S. Parole Commission allegedly played in the failure
to "pick him up upon complete of his twenty eight (28) year
sentence," as Petitioner only references an alleged failure of
duty by the Bureau of Prisons and the U.S. Marshal Service.  For
the above-reasons, Ground Four of the petition is denied.

20

III.  **CONCLUSION**

For the reasons stated above, the Petition will be denied. An appropriate order follows.

At Camden.


s/ Noel L. Hillman
NOEL L. HILLMAN
UNITED STATES DISTRICT JUDGE


Dated: **April 3, 2012**